UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| TODD S. JOHNS | CIVIL ACTION NO. 15-1865 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL CHAD JAMES AND SANTANDER CONSUMER USA, INC. | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Before the Court is a Joint Motion for Reconsideration by Todd S. Johns[1] and Michael Chad James (Record Document 20). The parties seek clarification of the Court's Memorandum Ruling and Order (Record Documents 18 and 19) in which the Court affirmed in part and reversed in part the Bankruptcy Court's judgment. Specifically, the parties seek clarification of whether the Court's holding permits the Bankruptcy Court to implement a policy that allows, but does not require, the Chapter 13 Bankruptcy Trustee to receive insurance proceeds prior to payment of the insurance proceeds to a secured creditor when the bankruptcy debtor's property is destroyed.

The sole issue related to the Bankruptcy Court's unwritten policy before this Court in its previous Memorandum Ruling and Order (Record Documents 18 and 19) was whether the Bankruptcy Code permitted a policy that *required* all payments of insurance proceeds from the destroyed property of the debtor to be paid to the Trustee before being paid to the secured creditor. See Sikes v. James, 2016 U.S. Dist. LEXIS 133756 at *16-17 n.3 (W.D. La. 2016). This Court held that the Bankruptcy Code does not permit a policy

---

[1] Todd S. Johns was appointed as Chapter 13 Trustee for the Shreveport Division of the Bankruptcy Court on October 1, 2016, and was substituted as the appellant in the instant case for former Trustee Lucy G. Sikes on October 17, 2016. See Record Document 20 at ¶ 13; see Record Document 26.

that *requires* all payments of insurance proceeds from destroyed property of the debtor to first be paid to the Trustee. See id. at *15-21. Thus, the Court's prior ruling permits the Bankruptcy Court to implement a written policy that *allows* the Chapter 13 Bankruptcy Trustee to receive insurance proceeds prior to payment of the insurance proceeds to a secured creditor, so long as the policy does not *require* the Trustee to receive the insurance proceeds.

Accordingly, **IT IS ORDERED** that the Joint Motion for Reconsideration (Record Document 20) be and is hereby **GRANTED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 31st day of October, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE